**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| USHA SOUJANYA KARRI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-cv-02594 |
| | ) |
| PAMELA BONDI, KWAME RAOUL, EILEEN | ) |
| O'NEILL BURKE, LARRY B. SNELLING, | ) |
| PATRICIA M. FALLON, MITCHELL B. | ) Judge Lindsay C. Jenkins |
| GOLDBERG, LYNN WYPYCH, JAMI | ) |
| BUZINSKI, DAVID FRIEDMAN, LLP, and | ) Magistrate Judge Jeannice W. Appentang |
| VENKATESH BHOGIREDDY, | ) |
| | ) |
| Defendants. | ) |

**<u>DEFENDANTS PATRICIA M. FALLON, MITCHELL B. GOLDBERG
AND KWAME RAOUL'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT</u>**

Defendants, the Honorable Patricia M. Fallon, the Honorable Mitchell B. Goldberg and Illinois Attorney General Kwame Raoul (collectively the "State Officials"), by and through their attorney, Daniel E. Budorick, Assistant Attorney General for the State of Illinois, pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3) respectfully request that this Court grant their Motion to Dismiss Plaintiff's First Amended Complaint. In support of this Motion, the 'State Officials' file herewith a separate Memorandum of Law in Support of Motion to Dismiss Plaintiff's First Amend Complaint, and state as follows:

1.    On March 20, 2025, the Plaintiff filed her First Amended Complaint ("FAC"). (See, ECF No. 11).

2.    It is clear that the Plaintiff's FAC arises from the same claims and set of facts as her 2022 lawsuit, *Karri v. Garland*, Case No. 22 C 0055, which was dismissed with prejudice and affirmed on appeal. See, *Karri v. Garland,* N.D. Case No. 22 C 005, see also *Karri v. Garland,* Case No. 22-2363 (7th Cir. 2023); 2023 WL 3378990.

3.    Therefore, this case should be dismissed based upon the Res Judicata Doctrine.

4.      *Karri v. Garland*, Case No. 22-cv-00055 ("*Garland Case*") was dismissed on the grounds that the Complaint violated Rule 8(a)(2) because the Complaint did not present a short and plain statement of the case.

5.      The District Court ruled in the alternative that there were other grounds for dismissal of the suit: absolute immunity barred her claims against the state-court judges, the guardian ad litem, and the court-appointed psychiatrist; she failed to state a plausible claim against the police officers, the private attorneys, and her husband; and her conspiracy allegations were too conclusory to state a claim. (See, Order, ECF No. 47, Case No. 22-cv-00055)

6.      In this case, the FAC suffers from the same problems that were the basis for the dismissal in the *Garland Case*. Specifically, among other reasons, the FAC here should be dismissed because: (i) it violates Rule 8(a)(2), (ii) absolute judicial immunity bars Plaintiff's claims against the state-court judges, (iii) sovereign immunity bars a claim against Attorney General Kwame Raoul (hereinafter "State AG"), and (iv) Plaintiff fails to properly or sufficiently state a claim for relief as against the State Officials.

7.      In addition, the Plaintiff fails cite in the FAC proper grounds for jurisdiction over her claims by this Court.

8.      In fact, this Court noted the Plaintiff's deficiencies in the Complaint as to citing proper grounds for jurisdiction to bring his claims and instructed Plaintiff to file a Jurisdictional Statement (See, ECF No. 13).  The Jurisdictional Statement, eventually filed by Plaintiff does not properly explain what the jurisdictional basis for the FAC actually is.

9.      In fact, the Jurisdictional Statement recites, in **bold**, that: "*So the basis of my Action was deprivation of my above stated rights, which brings this case into jurisdiction of this Court, but the basis is not the above mentioned statutes: 28 U.S.C. §§ 2201 and 2202, and 5 U.S.C. § 702, and 42 U.S.C. § 1983, which are the basis for relief I requested the Court for.*" (See, ECF No. 20, at para. No. 3, pg. 4).

2

10. Thus, the Jurisdictional Statement actually makes the purported jurisdiction basis for FAC, <u>less clear</u> because Plaintiff now asserts that "*the basis is not the above-mentioned statutes: 28 U.S.C. §§ 2201 and 2202, and 5 U.S.C. § 702, and 42 U.S.C. § 1983, which are the basis for relief I requested the Court for.*" At best, Plaintiff is now asserting jurisdiction is based upon a general notion that there was a *"deprivation of my above stated rights."* (See, ECF No. 20, at para. No. 3, pg. 4).

11. The State Officials are left with the allegations of the FAC to determine the jurisdictional basis for Plaintiff's claims. In the FAC Plaintiff cites to: (i) federal question statue 28 U.S.C. § 1331, (ii) Declaratory Judgment Act 28 U.S.C. §§ 2201-2202[1] and (iii) Administrative Procedure Act 5 U.S.C. § 702, (see, ECF No. 11, at pg. 24, para. No. 70), as the jurisdictional grounds for the FAC.

12. However, each of those purported grounds for jurisdiction are not proper grounds for jurisdiction.

13. The Seventh Circuit has repeatedly held that § 1331 "does not itself provide a right of action." *Prather Plumbing & Heating, Inc.,* 3 F.4th 954, 961 (7th Cir. 2021); *Aland v. U.S. Dep't of Interior*, 2024 WL 2036115, at *2 (7th Cir. May 8, 2024).

14. The Declaratory Judgment Act 28 U.S.C. §§ 2201-2202 does not confer independent jurisdiction on the court. *Bunn v. Conley*, 309 F.3d 1002, 1009 (7th Cir. 2002). There must also be an underlying right to sue.

15. Under the Administrative Procedure Act "[a] person suffering legal wrong because of agency action or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. However, there are no allegations of any agency decision subject to judicial review in the allegations of the FAC.

16. Thus, none of the grounds for jurisdiction cited in the FAC are proper grounds for

---

[1] Plaintiff actually references 28 U.S.C. §§ 2201-2202 on every single page of the 116-page FAC.

3

jurisdiction, and the FAC should be dismissed with prejudice.

17. In addition, the claims, if any are valid, as against Judge Goldberg and Judge Fallon should be dismissed because "judges are absolutely immune from liability for any acts carried out in a judicial capacity." *Collins v. Carroll*, No. 21-CV-497-JPS-JPS, 2022 WL 220173, at *2 (E.D. Wis. Jan. 25, 2022).

18. The allegations as to Judge Goldberg and Judge Fallon are sprinkled throughout the FAC but are concentrated in pages 25 through 49, and pages 97-101. The Plaintiff identifies approximately five actions or series of actions that the two Judges allegedly took as follows: (A) Judge Fallon, Judge Goldberg and others "participated in the 3rd conspiracy to get me murdered…" (see, FAC, para. 72 through 106, pg. 25 -34); (B) Judge Fallon and others 'covered up actions that showed other defendants and other judges received bribes', (see, FAC, para. 107, pg. 34 -39); (C) Judge Fallon 'scheduled a fraudulent and unlawful trial', (see, FAC, para. 108 through 122, pg. 39 – 43 and para. 287, pg. 97 - 98); (D) Judge Goldberg 'created a fraudulent and unlawful order on April 15, 2004, as retaliation against the Plaintiff, (see, FAC, para. 123 - 137, pg. 43 - 49 and para. 293 – 294, pg. 99 - 100); and (E) Judge Fallon asked Plaintiff to "Get Myself a Free Lawyer", (see, FAC para. 138 -150, pg. 49 – 54).

19. All the above allegations taken together can at best be described as rambling, incoherent and/or implausible. In any event, all the allegations focus on actions taken by Judge Fallon and Judge Goldberg in their judicial and official capacities, such as entering orders, scheduling hearings or making rulings in circumstances that are almost too numerous to identify, but include: (i) FAC, para. 89, Judge Fallon ordering plaintiff to pay GAL fees, (ii) FAC, para. 91, Judge Goldberg entering the April 15, 2024, Order, (iii) FAC, para 95, Judge Fallon setting motion hearing dates, and (iv) FAC, para. 99, Judge Fallon signing the orders dated October 30, 2024, and November 4, 2024. As all actions taken by the Judges that the Plaintiff complains of are actions 'carried out in a judicial capacity,' the Judges are immune from prosecution for taking those

4

actions.

20.     As to the State AG, Plaintiff appears to argue that the State AG participated in a coverup of crimes. (See, FAC, par. 162, pg. 55 – 58, and para. 275 – 277, pg. 94-95).  Essentially, plaintiff alleges the State AG's "inaction" shows how he had been waiting for the execution of the 3rd conspiracy to get plaintiff murdered and this 'inaction' somehow deprived Plaintiff of her rights to property or liberty. (See, FAC, para. 162, pg. 57 – 58 and para. 275 – 277, pg. 94-95). Plaintiff's allegations make little sense and cannot be said to state a valid claim against the State AG.

21.     Plaintiff goes on to allege that the State AG's 'inaction' deprived her of her right to property and liberty under the 14th Amendment and under color of law without due process in violation of 18 U.S.C. §§ 241 and 242. (See, FAC, para 277, pg. 94 -95). However, Plaintiff provides no logical allegation or argument as to how 'inaction' could be a volition under the 14th Amendment or a due process violation.

22.     In any event, the Eleventh Amendment prohibits federal courts from hearing suits brought by private citizens against state governments without the state's consent. U.S. Const. amend. XI; *Hans v. Louisiana*, 134 U.S. 1, 15, 10 S. Ct. 504, 33 L. Ed. 842 (1890). Sovereign immunity applies not only to "actions in which a State is actually named as the defendant," but also to actions "against state agents and state instrumentalities." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429, 117 S. Ct. 900, 137 L. Ed. 2d 55 (1997); *see also P.R. Ports Auth. v. Fed. Mar. Comm'n*, 531 F.3d 868, 872, 382 U.S. App. D.C. 139 (D.C. Cir. 2008). This bar is jurisdictional and precludes federal courts from entertaining suits against the state, "regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).

23.     In this case, the FAC names the State AG as a defendant, but the FAC is really an action against the State of Illinois.  As such, the State AG is protected from this action by the doctrine of Sovereign Immunity.   Additionally, Plaintiff makes no allegation throughout her 116-

page FAC, that the State of Illinois or the State AG consented to this action or consented to the

bringing of the claims being brought against the State AG.

**WHEREFORE**, the Defendants, the Honorable Patricia M. Fallon, the Honorable Mitchell B.

Goldberg and Illinois Attorney General, Kwame Raoul respectfully request that this Court grant this

Motion to Dismiss with prejudice and for such further relief as this Court deems just and proper.

DATED: May 19, 2025                                     Respectfully submitted,


                                                       /s/*Daniel Budorick*

 KWAME RAOUL
Illinois Attorney General                              DANIEL BUDORICK (#6200516)
Atty No. 99000
ARDC # 6200516                                         Assistant Attorney General
                                                       General Law Bureau
                                                       Office of the Illinois Attorney General
                                                       115 S. LaSalle Street
                                                       Chicago, IL 60603
                                                       (312) 415-4687 (c)
                                                       (312) 814-3632 (o)
                                                       *Daniel.budorick@ilag.gov*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the foregoing document was electronically filed with the United States District Court Northern District of Illinois via the CM/ECF filing system on May 19, 2025, and served via the same.

*S/ Daniel Budorick*
DANIEL BUDORICK
Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
(312) 415-4687 (c)
(312) 814-3632 (o)
*Daniel.budorick@ilag.gov*