| | |
|---|---|
| USHA SOUJANYA KARRI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-cv-02594 |
| | ) |
| PAMELA BONDI, KWAME RAOUL, EILEEN | ) |
| O'NEILL BURKE, LARRY B. SNELLING, | ) |
| PATRICIA M. FALLON, MITCHELL B. | ) Judge Lindsay C. Jenkins |
| GOLDBERG, LYNN WYPYCH, JAMI | ) |
| BUZINSKI, DAVID FRIEDMAN, LLP, and | ) Magistrate Judge Jeannice W. Appentang |
| VENKATESH BHOGIREDDY, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS PATRICIA M. FALLON, MITCHELL B. GOLDBERG AND KWAME RAOUL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COME Defendants, the Honorable Patricia M. Fallon, the Honorable Mitchell B. Goldberg and Illinois Attorney General Kwame Raoul (collectively the "State Officials"), by and through their attorney, Daniel E. Budorick, Assistant Attorney General for the State of Illinois, and for their Memorandum of Law in Support of their Rule12(b)(1), 12(b)(6), and 12(h)(3) Motion to Dismiss Plaintiff's First Amended Complaint, and state as follows:

### INTRODUCTION

On March 12, 2025, Plaintiff filed a 229-page, 292 paragraph, Complaint, including exhibits, against various individuals for violating her due process rights as they relate to her divorce proceedings. The Complaint invoked 42 U.S.C. § 1983 and other statutes and alleged that there was a serious threat to her life and to the safety of her children arising from a conspiracy to have her murdered in connection with her divorce.

On March 13, 2025, this Court entered an Order that among other things advised Plaintiff of numerous deficiencies and problems in her Compliant and advised the Plaintiff she was being given at least one chance to correct the deficiencies and problems in her Complaint by filing an

amended complaint. (See, ECF No. 10).

In the March 13, 2025, Order, this Court made a special point of advising the Plaintiff that the new complaint must comply with Federal Rule of Civil Procedure 8(a)(2), that is a "short and plain statement of the claim showing that Karri is entitled to relief." (See, ECF No. 10).

However, the First Amended Complaint ("FAC") is 207 pages, including exhibits, with 320 paragraphs, not counting the Prayer for Relief. (See, ECF No. 11). Clearly, the Plaintiff did not heed this Court's instruction to submit a new complaint that complied with Rule 8(a)(2), as the FAC actually has more paragraphs than the Complaint and is only a scant 22 pages shorter, while the actual pages of the allegations are longer in the FAC (115 pgs.), than in the Complaint (106 pgs.).

The 22-page difference in length of the FAC is attributable to fewer pages of exhibits, not to a more concise statement of the claims. The one distinguishing change the Plaintiff did make in the FAC as compared to the Complaint; is she appears to have dropped her Section 1983 claim. Nonetheless, the FAC should be dismissed with prejudice for failure to comply with Rule 8(a)(2) and this Court's previous Order. (See, ECF No. 10).

There are a host of other reasons the FAC should be dismissed with prejudice that include but are limited to: (i) the claims against the two State Court Judges are barred by absolute judicial immunity, (ii) the claims as against Kwame Raoul, the Illinois Attorney General ("State AG") are barred by the 11th Amendment and the doctrine of sovereign immunity, (iii) all claims are barred under the doctrine of *res judicata* arising from the dismissal of *Karri v. Garland*, Case No. 22-CV-00055, which dismissal was affirmed on appeal by the decision in *Karri v. Garland*, 2023 WL 3378990 (7th Cir. May 11, 2023), (iv) all claims are barred under the federal abstention doctrine, (v) all claims are barred as this court lacks judication to hear the claims brought in the FAC because the statutes under which the claims are brought do not confer independent jurisdiction, but require a underlying right to use, and (vi) assuming arguendo that Plaintiff made out a claim under Section 1983, which the State Officials firmly dispute, the claim is barred as to the State AG because Plaintiff fails to allege a 'personal involvement'

of the State AG in the alleged constitutional violation.

**ARGUMENT**

**Federal Rule of Civil Procedure 12(b)(1)**

As courts of limited jurisdiction, federal courts must assure themselves of jurisdiction over any controversy they hear. *See Noel Canning v. NLRB*, 705 F.3d 490, 496, 403 U.S. App. D.C. 350 (D.C. Cir. 2013). For that reason, doubts about "subject matter jurisdiction may be raised at any time, even by the court *sua sponte*." *Jerez v. Republic of Cuba*, 777 F. Supp. 2d 6, 15 (D.D.C. 2011); *see also G. Keys PC/Logis NP v. Pope*, 630 F. Supp. 2d 13, 15 (D.D.C.2009) ("When it perceives that subject matter jurisdiction is in question, the Court should address the issue *sua sponte*.")  As noted below in Section V, this Court does not have subject matter jurisdiction over the purported claims set forth in the FAC.

**Federal Rule of Civil Procedure 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Courts "do not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315, 411 U.S. App. D.C. 105 (D.C. Cir. 2014). Complaints submitted by plaintiffs proceeding *pro se* are reviewed by the court under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520. However, a *pro se* complaint must still plead "'factual matter' that

3

permits the court to infer more than the 'mere possibility of misconduct.'" *Jones v. Horne*, 634 F.3d 588, 596, 394 U.S. App. D.C. 261 (D.C.Cir. 2011) (citation and internal quotations omitted).

As explained below in Sections I, II, III, and VI, Plaintiff fails to state any valid claim against the State Officials.

**Federal Rule of Civil Procedure 12(h)(3)**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Subject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141, 132 S. Ct. 641, 181 L. Ed. 2d 619 (2012). Although the Court must liberally construe pro se complaints, *see United States v. Byfield*, 391 F.3d 277, 281, 364 U.S. App. D.C. 28 (D.C. Cir. 2004), a pro se plaintiff must still meet his burden of proving that the Court has subject matter jurisdiction over the claims. *See, e.g., Glaviano v. JP Morgan Chase Bank, N.A.*, 2013 U.S. Dist. LEXIS 180582, 2013 WL 6823122, at *2 (D.D.C. Dec. 27, 2013) (dismissing pro se complaint for lack of subject matter jurisdiction); *Caldwell v. Kagan*,777 F. Supp. 2d 177, 178-79 (D.D.C. 2011) (*sua sponte* dismissing pro se complaint for lack of subject matter jurisdiction under Rule 12(h)(3)).

As noted below in Section V, the Plaintiff did not meet his burden of proving this court has subject matter jurisdiction over the purported claims set forth in the FAC.

I.  **THE CLAIMS AGAINST THE TWO STATE COURT JUDGES ARE BARRED BY ABSOLUTE JUDICIAL IMMUNITY.**

Judges are completely immune from suit under Section 1983, and absolute judicial immunity extends to acts performed by the judge in the judge's judicial capacity. *Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005). (See, ECF No. 10) (See, also, *Collins v. Carrol*, No. 21-CV-497-JPS, 2002WL 220713, at *2 (E.D. Wis. Jan 25, 2022). (See, ECF No. 47, *Karri v Garland*, Case No. 22-cv-00055)

Plaintiff's allegations with respect to the purported improper actions taken by the two State

Court Judges center on actions taken by the Judges in their official judicial capacity. (See, Motion to Dismiss, para. 18 & 19, and the paragraphs of the FAC cited threat). Thus, the Plaintiff's claims as to the two State Court Judges are barred by the absolute judicial immunity doctrine. Similarly to the extent the Plaintiff made out a claim under Section 1983 as to the two State Court Judges, which the Judges firmly dispute, the two State Court Judges are completely immune from suit.

## II. THE CLAIMS AGAINST THE STATE AG ARE BARRED BY THE 11TH AMENDMENT AND SOVEREIGN IMMUNITY.

The Eleventh Amendment prohibits federal courts from hearing suits brought by private citizens against state governments without the state's consent. U.S. Const. amend. XI; *Hans v. Louisiana*, 134 U.S. 1, 15, 10 S. Ct. 504, 33 L. Ed. 842 (1890). Sovereign immunity applies not only to "actions in which a State is actually named as the defendant," but also to actions "against state agents and state instrumentalities." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429, 117 S. Ct. 900, 137 L. Ed. 2d 55 (1997); *see also P.R. Ports Auth. v. Fed. Mar. Comm'n*, 531 F.3d 868, 872, 382 U.S. App. D.C. 139 (D.C. Cir. 2008). In this case, Plaintiff has named the State AG who is a 'state agent and/or state instrumentality.' Thus, the State AG is protected from the claims in this case under the sovereign immunity doctrine. Additionally, this bar is jurisdictional and precludes federal courts from entertaining suits against the state, "regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).

Additionally, the Eleventh Amendment "bars a suit against state officials when "*the state* is the real, substantial party in interest." *Pennhurst*, 465 U.S. at 101. "The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Hawaii v. Gordon*, 373 U.S. 57, 58, 83 S. Ct. 1052, 10 L. Ed. 2d 191(1963) (per curiam). "And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive

relief." *Pennhurst*, 465 U.S. at 102 (citing *Cory v. White*, 457 U.S. 85, 91, 102 S. Ct. 2325, 72 L. Ed. 2d 694 (1982)).

Here, any relief sought against the State AG, which Plaintiff now alleges is injunctive in nature, would effectively work against the State, rather than the State AG in any individual capacity. In other words, the State AG cannot take the actions Plaintiff seeks to compel him to take outside of his "official capacity" as the attorney general of the state. Accordingly, the Eleventh Amendment bars Plaintiff's suit against the State AG.

Plaintiff has the burden of establishing that sovereign immunity has expressly been waived or abrogated by the state consenting to the suit. *Tri-State Hosp. Supply Corp. v. United States,* 341 F.3d 571, 575, 358 U.S. App. D.C. 79 (D.C. Cir. 2003). Nowhere in the FAC does Plaintiff allege that the state consented to being sued and thus Plaintiff has not established that the State of Illinois waived sovereign immunity.

### III.    ALL CLAIMS ARE BARRED UNDER THE DOCTRINE OF *RES JUDICATA*.

*Res judicata* bars a claim or claims that were "litigated or could have been litigated in a previous action when three requirements are met: (1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits. *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016).

This Court has already identified the fact that this suit arises from the same claims and set of facts as set forth in *Karri v. Garland*, Case No. 22-cv-00055, which dismissal with prejudice was affirmed on appeal by the decision in *Karri v. Garland*, 2023 WL 3378990 (7th Cir. May 11, 2023). (See, ECF No. 10). Although the identities of the defendants is not 100% between this action and the *Karri v. Garland* matter, there is certainly an identity of the parties or their privies, as Plaintiff merely substituted current United States Attorney General Pamela Bondi for the past United States Attorney General (Merrick Garlnad), and named two new State Court Judges who presided over her divorce proceeding. (*In Re: Bhogireddy v. Karri*, Domestic Relations, Case No. 2018 D 6785).

Although Plaintiff's far-ranging allegations in both this suit and *Karri v. Garland* are very difficult to decipher, it is clear that the claims arise out of the same facts and circumstances and have an identity of the causes of action, such as Plaintiff's overarching contention of a Section 1983 claim in both cases.

Certainly, the Seventh Circuit decision in *Karri v. Garland* was a final decision on the merits, as would be necessary for the application of the *Res Judicata* Doctrine. Therefore, the Plaintiff's claims in the FAC are barred by the *Res Judicata* Doctrine because all three requirements enunciated above have been met.

**IV.     ALL CLAIMS ARE BARRED UNDER THE ABSTENTION DOCTRINE.**

As this Court has already noted, to the extent that Plaintiff seeks injunctive relief related to her divorce proceeding, it is appropriate for the Court to abstain from ruling on any due process claim. (See, *J.B. v. Woodard*, 993 F.3d 714, 723 (7th Cir. 2021) (concluding that federal court should abstain from presiding over the plaintiff's due process claims because "[t]he adjudication of [the plaintiff's] due process claims threaten interference with and disruption of local family law proceedings—a robust area of law traditionally reserved for state and local government—to such a degree as to all but compel the federal judiciary to stand down") (See, ECF No. 10).

It is without question that Plaintiff's divorce proceeding is currently pending because as recently as May 12, 2025, Plaintiff filed a 'Memorandum and Request for Recusal' as to Judge Fallon, asserting this case, 1:25-cv-02594 for civil rights violations was pending as against Judge Fallon and Guardian ad Litem (GAL) Lynn Wypych, defendants herein. (See, Exhibit 1 hereto a copy of that 'Memorandum and Request for Recusal'). In summary, this Court should abstain from ruling on matters, such as Plaintiff's due process claims here that should be resolved in the divorce proceeding.

**V.     ALL CLAIMS ARE BARRED BECAUSE THIS COURT LACKS JURISDICTION TO HEAR THE CLAIMS.**

This Court has already noted that in the FAC Plaintiff appears to contend that she has removed the 28 U.S.C. § 1983 claims. (See, ECF 11 at 5).  Thus, Section 1983 cannot be the basis for this Court's jurisdiction. (See, ECF No. 13).

Rather, Plaintiff now identifies three statutes as the basis for this Court's jurisdiction, specifically, (1) the federal question statute, 28 U.S.C. § 1331, (2) the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and (3) the Administrative Procedures Act, 5 U.S.C. § 702.  Again, as this Court has already noted, none of those statutes identify a viable claim arising under federal law. (See, ECF No. 13).

First, the Seventh Circuit has repeatedly held that § 1331 "does not itself provide a right of action." *Prather Plumbing & Heating, Inc.*, 3 F.4th 954, 961 (7th Cir. 2021); *Aland v. U.S. Dep't of Interior,* 2024 WL 2036115, at *2 (7th Cir. May 8, 2024). Thus, 28 U.S.C. § 1331 cannot be the basis for jurisdiction over the Plaintiff's claims before this Court.

 Second, the Declaratory Judgment Act does not confer independent jurisdiction on the court. *Bunn v. Conley*, 309 F.3d 1002, 1009 (7th Cir. 2002). There must also be an underlying right to sue. In this case, Plaintiff has not properly alleged an underlying basis for her right to sue and therefore, 28 U.S.C. §§ 2201-2202 cannot be the basis for jurisdiction over the Plaintiff's claims before this Court.

Third, Section 702 of the Administrative Procedure Act is of no help either. Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. There are no allegations of any agency decision subject to judicial review in the allegations of the FAC. (See, ECF No. 13).  Therefore, 5 U.S.C. § 702 cannot be the basis for jurisdiction over the Plaintiff's claims before this Court.

As Plaintiff has failed to identify a statute that confers jurisdiction on this Court for the claims asserted in the FAC, this Court should dismiss the FAC with prejudice.

### VI. PLAINTIFF'S SECTION 1983 CLAIMS, IF ANY, ARE BARRED AS TO THE STATE AG AND THE TWO STATE COURT JUDGES.

Section 1983 requires personal involvement in the alleged constitutional violation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012). In this case, there is no allegation of personal involvement by the State AG, to the contrary Plaintiffs specifically calls out the State AG for his "inaction." (See, FAC, par. 162, pg. 55 – 58, and para. 275 – 277, pg. 94-95). Essentially, Plaintiff alleges the State AG's "inaction" shows how he had been waiting for the execution of the 3rd conspiracy to get plaintiff murdered and this 'inaction' somehow deprived Plaintiff of her rights to property or liberty. (See, FAC, para. 162, pg. 57 – 58 and para. 275 – 277, pg. 94-95). Clearly, "inaction" cannot equate to 'personal involvement.' Therefore, Plaintiff has not made out a Section 1983 claim as against the States AG.

As to the two State Judges, Judges are completely immune from suit under Section 1983, *Dawson v. Newman, Id* (See, the arguments asserted in Section I above)

**WHEREFORE**, the Defendants, the Honorable Patricia M. Fallon, the Honorable Mitchell B. Goldberg and Illinois Attorney General, Kwame Raoul respectfully request that this Court grant this Motion to Dismiss with prejudice and for such further relief as this Court deems just and proper.

DATED: May 19, 2025.                                  Respectfully submitted,

                                                                         /s/*Daniel Budorick*

 KWAME RAOUL
Illinois Attorney General                        DANIEL BUDORICK (#6200516)
Atty No. 99000
ARDC # 6200516                                    Assistant Attorney General
                                                                General Law Bureau
                                                                Office of the Illinois Attorney General
                                                                115 S. LaSalle Street
                                                                Chicago, IL 60603
                                                                (312) 415-4687 (c)
                                                                (312) 814-3632 (o)
                                                                *Daniel.budorick@ilag.gov*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the foregoing document was electronically filed with the United States District Court Northern District of Illinois via the CM/ECF filing system on May 19, 2025, and served via the same.

*S/ Daniel Budorick*
DANIEL BUDORICK
Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
(312) 415-4687 (c)
(312) 814-3632 (o)
*Daniel.budorick@ilag.gov*