**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Usha Soujanya Karri, *Plaintiff*, v. Pamela Jo Bondi, *et al.*, *Defendants.* | No. 25 CV 2594 Judge Lindsay C. Jenkins |

**ORDER**

Usha Soujanya Karri filed her first amended complaint in this case on March 20, 2025.[1] [Dkt. 11.] The amended pleading names the following individuals as Defendants: Attorney General Pamela Jo Bondi; Illinois Attorney General Kwame Raoul; Cook County State's Attorney Eileen O'Neill Burke; Superintendent of the Chicago Police Department Larry Snelling; Judges Patricia M. Fallon and Mitchell B. Goldberg; Lynn Wypych, a guardian *ad litem*; attorney Jami M. Buzinski and the David Friedman LLP law firm; and finally, Venkatesh Bhogireddy, Karri's former spouse. Various Defendants have filed motions to dismiss. For the reasons discussed below, the motions are granted and the case will be closed.

*Standard of Review*

Some arguments raised in the motions to dismiss are brought under Rule 12(b)(1) and others under Rule 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(1) challenges the Court's subject-matter jurisdiction, while a motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims. In both cases, the Court takes well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor. *Choice v. Kohn L. Firm, S.C.*, 77 F.4th 636, 638 (7th Cir. 2023); *Reardon v. Danley*, 74 F.4th 825, 826–27 (7th Cir. 2023).

To survive dismissal, "a complaint must state a claim to relief that is plausible on its face." *Page v. Alliant Credit Union*, 52 F.4th 340, 346 (7th Cir. 2022) (cleaned up). While the court accepts well-pleaded factual allegations as true, it need not accept statements of law or conclusory factual allegations as true, *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021). The dismissal standard requires plaintiffs to provide "just enough details about the subject matter of the case to present a story

---

[1] The motion also contained a motion for recusal, which the court has already denied. [Dkt. 13.] Some aspects of the first amended complaint allege that the undersigned entered a fraudulent order on March 13, 2025, and that the clerk of court's staff "tampered" with evidence. For purposes of deciding the motion to dismiss, the court's analysis focuses on the allegations against the named Defendants.

1

that holds together," or "to nudge their claims across the line from conceivable to plausible." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 570–71 (7th Cir. 2023) (cleaned up).

*Analysis*

*Eleventh Amendment Immunity.* Certain of the Defendants seek dismissal of the case on sovereign immunity grounds. [Dkt. 51 at 5-6.] The Eleventh Amendment generally bars actions in federal court against a state, state agencies, or state officials acting in their official capacities, whether for damages or injunctive relief. *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 520 (7th Cir. 2021). "The Eleventh Amendment is 'jurisdictional' in the sense that a defendant invoking its sovereign immunity deprives a federal court of jurisdiction over the claims against that defendant." *Sherwood v. Marchiori*, 76 F.4th 688, 693 (7th Cir. 2023). However, the *Ex parte Young* doctrine allows private parties to sue individual state officials for prospective relief to enjoin ongoing violations of federal law. *Lukaszczyk v. Cook County*, 47 F.4th 587, 604 (7th Cir. 2022).

The first amended complaint does not expressly allege an ongoing violation of federal law, but it does allege that Karri's life and the lives of her children have been threatened, including through a "long running and ongoing conspiracy" to cover up a "marriage scam," and "felony criminal cases." [Dkt. 11, ¶¶ 5, 48, 81.] Liberally construed, Karri alleges an ongoing violation of federal law that falls within the *Ex parte Young* exception to sovereign immunity. *Sherwood*, 76 F.4th at 696. Consequently, the court's inquiry proceeds past this initial barrier.

*Other Jurisdictional Considerations.* Karri's original complaint cited 42 U.S.C. § 1983 as the basis for the court's jurisdiction; the first amended complaint states that Karri has "removed the 42 U.S.C. § 1983 claims," and the basis for jurisdiction now rests upon: (1) the federal question statute, 28 U.S.C. § 1331; (2) the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02; and (3) the Administrative Procedures Act, 5 U.S.C. § 702. [Dkt. 11 at 5, 24.][2]

None of these statutes are a viable claim for relief arising under federal law. First, the Seventh Circuit has repeatedly held that § 1331 "does not itself provide a right of action." *Prather Plumbing & Heating, Inc.*, 3 F.4th 954, 961 (7th Cir. 2021); *Aland v. U.S. Dep't of Interior*, 2024 WL 2036115, at *2 (7th Cir. May 8, 2024). Similarly, the Declaratory Judgment Act does not confer independent jurisdiction on the court. *Bunn v. Conley*, 309 F.3d 1002, 1009 (7th Cir. 2002). There must also be an underlying right to sue. Section 702 of the Administrative Procedure Act provides that under the APA, "[a] person suffering legal wrong because of *agency action*, or adversely affected or aggrieved by *agency action* within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. There are no allegations

---

[2] At times, the first amended complaint references 18 U.S.C. § 242, the criminal analog of 42 U.S.C. § 1983. [Dkt. 11 at 103, 107, 11.] Section 242 does not confer private rights of action. *Nasserizafar v. Indiana Dep't of Transp.*, 546 Fed. Appx. 572, 574 (7th Cir. 2013).

2

of any agency decision subject to judicial review in the allegations of the first amended complaint.

The first amended complaint states that Karri also seeks injunctive relief, but the Seventh Circuit has already addressed that question. "To the extent Karri seeks injunctive relief, the district court appropriately abstained from ruling on her due process claim." *Karri v. Garland*, 2023 WL 3378990, at *2 (7th Cir. May 11, 2023) (citing *J.B. v. Woodard*, 993 F.3d 714, 723 (7th Cir. 2021), and noting that "principles underlying the abstention doctrines—the principles of comity, equity, and federalism—require federal courts to abstain from cases that might interfere with state domestic-court proceedings, even when none of the abstention doctrines is a perfect fit."). Dismissal is warranted for lack of jurisdiction.

*Res Judicata*. The Attorney General and the Superintendent of the Chicago Police Department argue that the case should be dismissed because this is Karri's second lawsuit against them based on the same set facts, the first one having been dismissed on the merits. *Karri v. Garland, et al.*, 2022 WL 19830182 (N.D. Ill. May 3, 2022), *aff'd* 2023 WL 3378990 (7th Cir. May 11, 2023).

*Res judicata*, or claim preclusion, "prevents a party from repeatedly litigating the same cause of action against the same party." *Creation Supply, Inc. v. Selective Ins. Co. of the Se.*, 51 F.4th 759, 763 (7th Cir. 2022). A "final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). Where the original judgment was entered in federal court, the federal rules of claim preclusion apply to the subsequent claims. *Cannon v. Burge*, 752 F.3d 1079, 1101 (7th Cir. 2014) (citing *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007)). Claim preclusion applies if (1) the claims are identical, (2) the parties or their privities are identical; and (3) there has been a final judgment on the merits. *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016). To decide whether the two cases involve the same claim, "we ask whether they arise out of the same transaction. If they did, whether or not they were actually raised in the earlier lawsuit, they may not be asserted in the second or subsequent proceeding." *Ross*, 486 F.3d at 283; *Czarniecki v. City of Chi.*, 633 F.3d 545, 550 (7th Cir. 2011) (Two "claims are one for the purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations.")

All three elements of *res judicata* are met here. In 2022, Karri filed a lawsuit against the United States Attorney General, the Superintendent of CPD, Wypych as guardian *ad litem*, attorney Buzinski and Bhogireddy (among others). *Karri v. Garland, et al.*, Case No. 22 CV 55 (Guzman, J.) This overlaps with the Defendants and claims raised in this case. Karri argues that Defendants' *res judicata* arguments are "false," and that her 2022 case did not include allegations arising from conduct in more recent years. [Dkt. 60 at 13; Dkt. 65 at 5 (explaining that the complaint in this case "is about the criminal conduct of Defendants Fallon and Goldberg against [Karri] in 2024-2025 as part of the 3rd conspiracy to get me murdered."] But as noted, the question is whether the cases arise out of the same transaction; if so, whether or not

3

certain claims were *actually raised* in the earlier lawsuit does not control. *Ross*, 486 F.3d at 283. "They may not be asserted in the second or subsequent proceeding." *Id*.

Both lawsuits concern a common core of facts: that there is a serious threat to Karri's life and to the safety of her children arising from a conspiracy to have her murdered in connection with her divorce. In this case, she seeks "relief from deprivation and conspiracy to deprive me of my civil rights as protected by the 14th Amendment of the US Constitution, without 'Due Process of Law' under 'Color of State Law', as there is a serious threat to my life and safety of my 2 children, from the conspiracy to get me murdered" including by state court judges, the guardian ad litem, lawyers, and her former spouse. [Dkt. 11, ¶ 3.] In this case, Karri alleges there was a "Murder-for-Hire" federal criminal case against her former spouse Bhogireddy, *United States v. Bhogireddy*, Case No. 19-cr-00769, and that various individuals named as Defendants in this case participated in one or more conspiracies to have her murdered. [Dkt. 1, ¶¶ 4-8.] These claims arise out of the same transactions raised in the earlier lawsuit. *Karri v. Garland*, Case No. 22-cv-55, *see* dkt. 44. While some factual allegations have been added to this case, as Karri notes, it is not determinative that she did not bring the same *exact* claims in both cases. *Ross*, 486 F.3d at 283 ("The fact that the suits differ in some respects, including the legal theories that [Plaintiff] is advancing and some of the facts she intends to use to prove her right to relief, is not enough to defeat a finding that these cases rely on the same fundamental transaction or series of transactions.") Both this case and the earlier case arise out of the same set of operative facts alleged against a subset of the same Defendants, so the first two requirements are satisfied. *Bernstein v. Bankert*, 733 F.3d 190, 226-27 (7th Cir. 2013).

The third element is also satisfied because there was a final judgment on the merits in the first case. In May 2022, the court dismissed Karri's case for failure to state a claim. *Karri*, 2022 WL 19830182, at *2-3. More specifically, the court explained that (a) state judges and the guardian *ad litem* were immune from suit; (b) the § 1983 claims against the Superintendent of the Chicago Police Department and the United States Attorney General failed to state cognizable claims, including for lack of personal involvement in any alleged constitutional violation; (c) the claims against private actors, including attorneys, could not proceed because § 1983 does not apply to private conduct; and (d) conclusory allegations "that a conspiracy was afoot" was not sufficient to state a claim. *Id*. at *2-3.

Although, as Karri notes, the prior dismissal was not denoted as one with prejudice, it was a final judgment for purposes of 28 U.S.C. § 1291, which is "normally enough to assure finality for preclusion purposes." *Ross*, 486 F.3d at 284. Because the prior dismissal was an involuntary one under Rule 41(b)—indeed a decision that Karri appealed to the Court of Appeals—it was a final judgment on the merits. *Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 472 (7th Cir. 2020) ("A dismissal under Rule 12(b)(6) is an adjudication on the merits.") This action is therefore barred by *res judicata* against the United States Attorney General, the Superintendent of Police, Wypych as guardian *ad litem*, attorney Buzinski, and Bhogireddy.

*Other Grounds.* Dismissal is appropriate for other reasons as to each Defendant, some of which the court discusses below.

Immunity doctrines apply to the claims against several of the Defendants. Judges are "completely immune from suit", and absolute judicial immunity "extends to acts performed by the judge in the judge's judicial capacity." *Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005) (citation modified). The claims against Judges Fallon and Goldberg therefore fail.

Prosecutors also enjoy broad immunity from suit under § 1983. "Absolute immunity covers prosecutorial functions such as the initiation and the pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is 'intimately associated' with the judicial process. By contrast, a prosecutor has only the protection of qualified immunity when functioning in the role of an administrator or investigative officer rather than an advocate." *Mendenhall v. Goldsmith*, 59 F.3d 685, 689 (7th Cir. 1995) (citations omitted). There are no facts alleged that could appear to avoid absolute immunity as to the sitting State's Attorney for Cook County or the United States Attorney General.

Guardians *ad litem* also may not sued. *Scheib v. Grant*, 22 F.3d 149, 157 (7th Cir. 1994) (explaining that these guardians have absolute immunity for conduct that is "closely related to a [guardian *ad litem*'s] judicial duties."); *Cooney v. Rossiter*, 853 F.3d 967, 970 (7th Cir. 2009) (defendants Rossiter and Bischoff "are entitled to absolute immunity. Guardians *ad litem* and court-appointed experts, including psychiatrists, are absolutely immune from liability for damages when they act at the court's direction.") This bars Karri's claims against Wypych, who was the court appointed guardian *ad litem* in the divorce proceedings.

Though Karri says she has abandoned her § 1983 claim, she has not identified any statute or other source of authority that permits her to sue many of the Defendants named in her pleading. Her first amended complaint repeatedly invokes the Fourteenth Amendment, [*see* dkt. 11 at 90-111], but "[c]onstitutional rights do not typically come with a built-in cause of action," they require an "independent [one] designed for that purpose." *DeVillier v. Texas*, 601 U.S. 285, 291 (2024). Section 1983 is one such vehicle, which Congress designed to be the "exclusive federal remedy" for claiming a deprivation of constitutional rights by a person acting under color of state law. *Brown v. City of Chi.*, 2020 WL 489522, at *3 (N.D. Ill. Jan. 30, 2020); *see also Baxter by Baxter v. Vigo Cnty. Sch. Corp.*, 26 F.3d 728, 732 n.3 (7th Cir. 1994) (Fourteenth Amendment claim against state officials must be brought under § 1983) (superseded by statute on other grounds). But having dismissed her § 1983 claim, Karri identifies no other vehicle to bring her constitutional claims.

Nevertheless, viewed through the traditional § 1983 lens, the United States Attorney General is not suable under this statute because she is not a state actor. *Dist. of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973) (explaining that Section 1983

does not apply to federal actors). And to the extent Karri seeks an order directing the Attorney General "investigate the above serious crimes," [*see* dkt. 11, ¶ 12], prosecutors "have discretion to choose when and where, if at all, to initiate proceedings," discretion the Seventh Circuit has described as "unreviewable." *Henry v. United States*, 2023 WL 334784, at *1 (7th Cir. Jan. 20, 2023).

Under § 1983, an injured party can sue a "person" who acts "under color of law." *Jones v. Cummings*, 998 F.3d 782, 788 (7th Cir. 2021). Buzinski, an attorney with Davis Friedman LLP law firm, represented Bhogireddy in the marriage dissolution case in Cook County. Neither Buzinski nor Davis Friedman LLP are alleged to have acted "under color of state law" simply by virtue of their role in a divorce proceeding. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") The same is true of Bhogireddy, who is also a private citizen.

One of Karri's response briefs argues that private persons, jointly engaged with state officials in a challenged action, act "under color" of law for purposes of § 1983 actions. [Dkt. 62 at 5-6.] It is true that a private party who "conspires with one or more public officials to deprive another of a right secured by the Constitution and laws of the United States is acting 'under color of law'" within the meaning of § 1983. *Hodges v. Rios*, 2000 WL 1700172, at *2 (N.D. Ill. Nov. 9, 2000). To state a claim of conspiracy, a plaintiff must allege that (1) there was an express or implied agreement among defendants to deprive the plaintiff of her constitutional rights, and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement. *Daugherty v. Page*, 906 F.3d 606, 612 (7th Cir. 2018). Bare conclusions of a conspiracy are insufficient to survive a motion to dismiss. *Cooney*, 583 F.3d at 971.

Even liberally construed, the first amended complaint does not allege facts from which it would be reasonable to infer an express or implied agreement among the defendants, or that any agreement was intended to deprive Karri of any constitutional rights. At most, she alleges that Bhogireddy's attorneys colluded with the judge to obtain rulings beneficial to him, and describes Karri's dissatisfaction with the judge's rulings. But such conclusory allegations fall far short of alleging an agreement between Buzinski/Davis Friedman LLP and the state court judge to violate Karri's constitutional rights. *See, e.g.*, *Life After Hate, Inc. v. Free Radicals Project, Inc.*, 2020 WL 1903956, at *9 (N.D. Ill. Apr. 16, 2020) ("[T]he complaint must contain more than the conclusion that there was a conspiracy, it must allege specific facts from which the existence of a conspiracy may property be inferred.") The fact that specific judicial rulings negatively impacted Karri is insufficient.

Finally, Karri's pleading lacks allegations of personal involvement by the remaining named Defendants including the Illinois Attorney General, the Cook County State's Attorney, and the Superintendent of the Chicago Police Department. Section 1983 requires personal involvement in the alleged constitutional violation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012). Nor is vicarious liability, that is,

supervisor liability, available under § 1983. *Mwangangi v. Nielsen*, 48 F.4th 816, 834 (7th Cir. 2022) (Easterbrook, J., concurring) ("The Supreme Court has held many times that § 1983 supports only direct, and not vicarious, liability); *Holleman v. Olmstead*, 2025 WL 1293073, at *3 (7th Cir. 2025).

The motions to dismiss are granted. Karri has already received one opportunity to amend, so *res judicata* aside, there are no grounds for the case to proceed.

Enter: 25-cv-2594
Date: July 3, 2025

_____
Lindsay C. Jenkins

7